UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TYRONE GIPSON                                                               CIVIL ACTION

VERSUS                                                                          NUMBER: 15-1955

ORLEANS PARISH SHERIFFS                                          SECTION: "A"(5)
OFFICE (PRISON)

# REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* ("IFP") by *pro se* Plaintiff, Tyrone Gipson, against Defendant(s), the Orleans Parish Sheriff's Office ("OPSO") and/or the Orleans Parish Prison ("OPP"). (Rec. doc. 1).

Plaintiff is an individual whose present address of record is the Ozanam Inn in New Orleans, Louisiana, who was apparently confined at OPP at some prior time. (Rec. doc. 1, pp. 5, 3). As his statement of claim herein, Plaintiff simply alleges "[d]ifficulty breathing, [e]yes watering, [s]ore throat, [and] [n]ose running." (*Id.* at p. 4). Plaintiff seeks $100,000 in monetary damages. (*Id.* at p. 5).

Plaintiff has instituted this suit IFP pursuant to 28 U.S.C. §1915. A proceeding brought IFP may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii); *see also* 28 U.S.C. §1915A(b), 42 U.S.C. §1997e(c). Giving the instant complaint a liberal reading, it is the recommendation of the undersigned Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

In Louisiana, ". . . a sheriff's office is not a legal entity capable of being sued . . ." under §1983.  *Cozzo v. Tangipahoa Parish Council – President Government*, 279 F.3d 273, 283 (5th Cir. 2002); *Wetzel v. St. Tammany Parish Jail*, 610 F.Supp. 2d 545, 548 (E.D. La. 2009); *Causey v. Parish of Tangipahoa*, 167 F.Supp. 2d 898, 904 (E.D. La. 2001).  Similarly, to the extent that Plaintiff's complaint can be read as including OPP as an additional defendant in this matter, that facility is a building, not an entity or person who is capable of being sued under §1983.  *Wetzel*, 610 F.Supp. 2d at 548-49; *Jones v. St. Tammany Parish Jail*, 4 F.Supp. 2d 606, 613 (E.D. La. 1998).  In light of these authorities, it will be recommended that Plaintiff's complaint against the OPSO and/or OPP be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's complaint be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this __16th__ day of _____June_____, 2015.

                                                          MICHAEL B. NORTH
                                            UNITED STATES MAGISTRATE JUDGE